UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MARCUS ANTWON CAREY | ) | |
| | ) | |
| v. | ) | No. 3:15-00317 |
| | ) | JUDGE CAMPBELL |
| UNITED STATES OF AMERICA | ) | |

MEMORANDUM

I. Introduction

Pending before the Court is a Petition For Writ Of Habeas Corpus, Pursuant To 28 U.S.C. § 2255 And 60(b)(4) And Rule 52(b) Of The Federal Rule Of Criminal Procedure, and supporting Affidavit (Docket Nos. 1, 2), filed by the Movant/Petitioner, pro se. The Government has filed a Response (Docket No. 9) to the Petition, and the Petitioner has filed a Reply (Docket No. 16) and second Affidavit (Docket No. 17).

For the reasons set forth herein, the Petition For Writ Of Habeas Corpus (Docket No. 1) is DENIED, and this action is DISMISSED.

II. Procedural and Factual Background

In the underlying criminal case, Petitioner pled guilty, pursuant to a Plea Agreement, to a drug conspiracy involving 280 grams of crack cocaine, and a quantity of powder cocaine and marijuana, in violation of 21 U.S.C. § 846. (Docket Nos. 130, 276, 277, 1947 in Case No. 3:11-00194). Through the Plea Agreement, the Petitioner agreed that he was a Career Offender, and the parties contemplated that the Government would file a motion for substantial assistance at sentencing, if warranted. (Docket No. 277 in Case No. 3:11-00194).

At sentencing, the Court determined that the Petitioner was a Career Offender, and that

his sentencing guideline range was 262 to 327 months, based on an Offense Level of 34 and a Criminal History Category of VI. (Docket No. 1950, at 5, in Case No. 3:11-00194). After granting the Government's motion for downward departure based on substantial assistance, and considering the testimony adduced and the arguments made at the sentencing hearing, the Court sentenced the Petitioner to 100 months of imprisonment. (Id., at 57; Docket Nos. 1827, 1828 in Case No. 3:11-00194).

### III. Analysis

A. The Petitioner's Claims

The Petitioner claims that his conviction and sentence should be vacated because he received the ineffective assistance of counsel in the underlying criminal case.

B. The Section 2255 Remedy

Section 2255 provides federal prisoners with a statutory mechanism by which to seek to have their sentence vacated, set aside or corrected.[1] The statute does not provide a remedy, however, for every error that may have been made in the proceedings leading to conviction. "'To warrant relief under section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty

---

[1] 28 U.S.C. § 2255 states, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

plea or the jury's verdict.'" Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005)(quoting Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003)).

An evidentiary hearing is not required if the record conclusively shows that the Petitioner is not entitled to relief. 28 U.S.C. § 2255(b); Ray v. United States, 721 F.3d 758, 761 (6th Cir. 2013); Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999). No hearing is required "if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Id. Where the same judge considering the Section 2255 motion also presided over the underlying criminal proceedings, the judge may rely on his own recollection of those proceedings. Blackledge v. Allison, 431 U.S. 63, 97 S.Ct. 1621, 1629 n.4, 52 L.Ed.2d 136 (1977); Ray, 721 F.3d at 761.

The Court has reviewed the pleadings, briefs, transcripts, and records filed in Petitioner's underlying criminal case, as well as the pleadings, briefs, transcripts, and records filed by the parties in this case. The Court finds it unnecessary to hold an evidentiary hearing because these records conclusively establish that Petitioner is not entitled to relief on the issues raised.

C. Ineffective Assistance of Counsel

In order to prevail on an ineffective assistance of counsel claim, the burden is on the Petitioner to show: (1) trial counsel's performance was not within the range of competence demanded of attorneys in criminal cases; and (2) actual prejudice resulted from the deficient performance. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); Cullen v. Pinholster, 131 S.Ct. 1388, 1403 (2011); Campbell v. United States, 364 F.3d 727, 730 (6th Cir. 2004).

"The benchmark for judging any claim of ineffectiveness must be whether counsel's

3

conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland, 104 S.Ct. at 2052; Ludwig v. United States, 162 F.3d 456, 458 (6th Cir. 1998). In analyzing trial counsel's performance, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 104 S.Ct. at 2065.

In order to establish prejudice, the petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., at 2068.

Petitioner argues that counsel was ineffective for failing to challenge his status as a Career Offender. Petitioner contends that he was not a Career Offender because: (1) one of the convictions counted in determining his Career Offender status involved .5 grams of cocaine; (2) he had served no more than 10 months on one prior conviction, and 45 days on the other; and (3) the extended two-year probation sentence he received for failing to pay a fine was unconstitutionally imposed because the Petitioner could not afford to pay a fine.

At sentencing, the Court determined that the Petitioner was a Career Offender based on Paragraph 32 of the Presentence Investigation Report, which referenced two prior felony convictions for a controlled substance offense:

> Conspiracy to Sell Cocaine, Case No. 99-1447: On January 20, 2000, the defendant was sentenced in Wilson County Criminal Court, Lebanon, Tennessee, to 9 years' custody, suspended after serving one year. He was placed on 9 years' probation. The defendant had several probation violations which were sustained during the course of his supervision; however, he was not ordered to serve additional time in custody.
>
> Conspiracy to Sell a Schedule II Controlled Substance, Case No. 03-0829: On October 13, 2003, the defendant was sentenced in Wilson County Criminal Court, Lebanon, Tennessee, to 3 years' custody, suspended, consecutive to Case No. 99-

4

1447.

(Docket No. 9-1, at 9).[2]

The version of the Career Offender Sentencing Guideline, Section 4B1.1, applicable at Petitioner's sentencing provides:

> (a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Section 4B1.2 defines "controlled substance offense" as follows:

> (b) The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

Petitioner argues that one of his convictions, the one imposed in 2003, should not be considered a "controlled substance offense" because it involved a small quantity of cocaine - .5 grams. The definition provided in the guidelines, however, is not dependent on the amount involved in the offense. Rather, it is based on whether the offense was a felony, and whether the sentence imposed exceeded one year. According to the Presentence Investigation Report, the sentence imposed for the 2003 conviction was for 3 years, suspended. (Docket No. 9-1, at ¶¶ 32, 43). Thus, the conviction qualified as a prior felony conviction for a controlled substance offense under the Career Offender provisions.

---

[2] The Petitioner testified about these convictions at sentencing. (Docket No. 1950, at 12-14, in Case No. 3:11-00194).

Petitioner next argues that he should not have been considered a Career Offender because he had served no more than 10 months on one conviction and 45 days on the other. For Career Offender purposes, however, the relevant inquiry is whether the conviction is an offense "punishable" by a term exceeding one year "regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." U.S.S.G. § 4B1.2, comment. (n.1). See also United States v. McGhee, 161 Fed.Appx. 441, 449 (6th Cir. Dec. 6, 2005)("As the commentary cited above makes clear, the actual sentence is not determinative; rather, it is potential exposure that determines whether a conviction qualifies as a prior felony conviction for career offender purposes.")

Finally, the Petitioner's argument about the unconstitutional extension of probation by the state court to enable the Petitioner to pay fines does not affect his qualification as a Career Offender.[3]

As the Court has determined that the Petitioner's challenge to his Career Offender status is without merit, it further concludes that trial counsel was not ineffective for failing to raise such a challenge. See, e.g., Ludwig v. United States, 162 F.3d at 458 (Counsel is not required to raise meritless arguments to avoid a charge of ineffective assistance of counsel). Accordingly, Petitioner's claim that he received the ineffective assistance of counsel is without merit.

IV. Conclusion

For the reasons set forth herein, the Court concludes that the Petitioner's Petition For

---

[3] The Petitioner has filed a copy of the state court Judgment for his January 20, 2000 conviction, and the state court Revocation Order entered on March 11, 2011. (Docket No. 17, at 4-6). The Court has fully considered these documents, but they do not support Petitioner's challenge to his Career Offender status.

Writ Of Habeas Corpus should be denied. Accordingly, this action is dismissed.

Should the Petitioner give timely notice of an appeal from this Memorandum and Order, such notice shall be treated as a application for a certificate of appealability, 28 U.S.C. 2253(c), which will not issue because the Petitioner has failed to make a substantial showing of the denial of a constitutional right. <u>Castro v. United States</u>, 310 F.3d 900 (6th Cir. 2002).

It is so ORDERED.

TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE